UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CIVIL ACTION NO. 5:12-CV-00636-BO

| | |
|---|---|
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CLANCY & THEYS CONSTRUCTION COMPANY | ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO MODIFY PLAINTIFF'S SUBPOENA *DUCES TECUM* SERVED UPON DURFEY-HOOVER-BOWDEN INSURANCE AGENCY, INC.**

Pending before this Honorable Court is Defendant Clancy & Theys Construction Company's ("Clancy") Motion to Modify Subpoena *Duces Tecum* Served Upon Durfey-Hoover-Bowden Insurance Agency, Inc (the "Agency")(Docket No. 62). Plaintiff Westchester Surplus Lines Insurance Company ("Westchester") opposes Clancy's Motion and respectfully contends that all documents responsive to its subpoena should be produced without further delay.

I.  **STATEMENT OF THE CASE**

Although re-characterized as a Motion to Modify, the instant Motion is a rehashing of Clancy's Motion to Quash, which was denied without prejudice. (Docket Nos. 45, 52, and 53.) Because Clancy has again failed to establish that Paul Hoover III is a non-testifying consulting expert as described by Rule 26(b)(4)(D), documents maintained by the Agency that are relevant to Westchester and Clancy's claims and defenses should be produced pursuant to Westchester's duly issued subpoena.

Pursuant to this Honorable Court's Order of June 7, 2013 (Docket No. 53), Clancy and the Agency have produced various privilege logs purporting to describe documents that should be protected from disclosure. (Docket Nos. 62-8, 62-9, and 62-10.) As Westchester understands

Clancy's filings and based on documents recently produced by Clancy that appear on Clancy and the Agency's privilege logs, it appears that the documents Clancy seeks to keep from Westchester are as follows:[1]

| Log/Entry Number | Date | Description |
| --- | --- | --- |
| Agency Log/No. 53[2] | 9/26/11 | Handwritten notes on ACE's reservation of rights letter. |
| Agency Log/No. 51 | 10/18/11 | Mr. Hoover's handwritten notes. |
| Agency Log/No. 52 | 10/24/11 | Mr. Hoover's handwritten notes. |
| Agency Log/No. 50 | 11/4/11 | Mr. Hoover's handwritten notes. |
| Agency Log/No. 61 | 5/14/12 | Letter from Daniel Frazier to Kirk Johnston with Mr. Hoover's handwritten notes. |
| Agency Log/No. 59 | 6/11/12 | Mr. Hoover's handwritten notes on letter from Kirk Johnston to Daniel Frazier. |
| Agency Log/No. 49 | 6/14/12 | Coverage position letter to ACE with Mr. Hoover's handwritten notes. |
| Clancy Log/No. 19[3] | 6/26/12 | Email from Tim Clancy to Paul Hoover described as "communication regarding draft position paper." |
| Agency Log/No. 57 | 6/26/12 | Email from Paul Hoover to Kirk Johnston with Mr. Hoover's handwritten notes. |
| Agency Log/No. 48 | 8/15/12 | Mr. Hoover's handwritten notes on ACE's letter to Kirk Johnston. |
| Agency Log/No. 56 | 8/22/12 | Email from Tim Clancy to Paul Hoover with handwritten notes. |
| Clancy Log/No. 20 Agency Log/No. 10 | 9/4/12 | Email from Kirk Johnston to Tim Clancy, Gene Rash and Paul Hoover "providing draft |

---

[1] This table represents Westchester's best guess at what Clancy believes to be privileged and in the possession of the Agency. Westchester has compiled this table by reviewing seventy-seven pages of documents produced to it on July 5, 2013, and by cross-referencing Clancy's Privilege Log – Hoover Documents (Docket No. 62-9, hereinafter "Clancy Log") with Durfey Hoover's Privilege Log – Hoover Documents (Docket No. 62-10, hereinafter "Agency Log"). Because of the absence of a consistent numbering system between the two logs and inconsistent descriptions of the documents described in the logs, it is difficult to discern exactly which documents Clancy seeks to protect from disclosure. To compile this table, Westchester created a new version of the Agency log that numbers the entries in the log and contains the cross-referencing information described in the table. Westchester's version of the Agency log is attached hereto as Exhibit A.

[2] There are documents that appear on the Agency Log that do not appear on the Clancy Log for which Clancy – and not the Agency – asserts a privilege. Those documents are listed in the table with their Agency Log number.

[3] There are documents that Clancy contends are the subject of the instant Motion and that appear on the Clancy Log and do not appear on the Agency Log. All such documents are listed in this table by their Clancy Log number.

2

| | | |
|---|---|---|
| | | demand letter to Ace for issuance of coverage opinion." |
| Clancy Log/No. 21<br>Agency Log/No. 55 | 9/5/12 | Email from Paul Hoover to Kirk Johnston, Gene Rash and Tim Clancy regarding "draft demand letter to Ace for issuance of coverage opinion." |
| Clancy Log/ No. 22<br>Agency Log/No. 8, 9, 26 | 9/12/12 | Email from Bobby Jo Clements to Paul Hoover, Gene Rash, and Tim Clancy regarding "draft demand letter to Ace for issuance of coverage opinion." |
| Clancy Log/No. 23 | 9/12/12 | Email from Paul Hoover to Bobby Jo Clements, Gene Rash, and Tim Clancy regarding "draft demand letter to Ace for issuance of coverage opinion." |
| Clancy Log/No. 24 | 9/12/12 | Email from Gene Rash to Kirk Johnston and Paul Hoover regarding "inadvertent response to Ace." |
| Clancy Log/No. 25<br>Agency Log/No. 7 | 9/28/12 | Email from Tim Clancy to Paul Hoover "forwarding string of attorney-client communication regarding Ace's filing of Complaint." |
| Agency Log/No. 40 | 9/28/12 | Handwritten notes on Complaint. |
| Agency Log/No. 43 | 9/28/12 | Handwritten notes on Complaint. |
| Agency Log/No. 44 | 9/28/12 | Handwritten notes on draft Answer. |
| Clancy Log/No. 26<br>Agency Log/ No. 6 | 10/1/12 | Email from Tim Clancy to Paul Hoover "re-forwarding string of attorney-client communication regarding Ace's filing of Complaint." |
| Clancy Log/No. 27<br>Agency Log/No. 39, 42 | 11/12/12 | Email from Kirk Johnston to Paul Hoover "regarding draft answer and counterclaims." |
| Clancy Log/No. 28 | 11/12/12 | Email from Paul Hoover to Kirk Johnston regarding "documents in support of answer and counterclaim." |
| Clancy Log/No. 29 | 11/12/12 | Email from Kirk Johnston to Gene Rash, Paul Hoover, and Tim Clancy regarding "draft answer and counterclaim." |
| Clancy Log/No. 30<br>Agency Log/No. 5 | 11/12/12 | Email from Kirk Johnston to Gene Rash, Paul Hoover, and Tim Clancy regarding "draft answer and counterclaim." |
| Clancy Log/No. 31 | 11/12/12 | Email from Tim Clancy to Kirk Johnston, cc'ing Paul Hoover and Gene Rash regarding "draft answer and counterclaim." |
| Clancy Log/No. 32 | 11/12/12 | Email from Kirk Johnston to Tim Clancy, cc'ing Paul Hoover and Gene Rash regarding "draft answer and counterclaim." |

| | | |
|---|---|---|
| Clancy Log/No. 33 | 11/12/12 | Email from Kirk Johnston to Tim Clancy, cc'ing Paul Hoover and Gene Rash regarding "draft answer and counterclaim." |
| Clancy Log/No. 34 Agency Log/No. 4 | 11/13/12 | Email from Kirk Johnston to Tim Clancy cc'ing Paul Hoover and Gene Rash regarding "draft answer and counterclaim." |
| Clancy Log/No. 35 | 11/13/12 | Email from Kirk Johnston to Tim Clancy cc'ing Paul Hoover and Gene Rash regarding 'draft answer and counterclaim." |
| Clancy Log/No. 36 | 11/14/12 | Email from Bobby Jo Clements to Paul Hoover, Gene Rash, and Tim Clancy regarding "final answer and counterclaim." |
| Agency Log/No. 41 | 11/14/12 | Mr. Hoover's handwritten notes on draft answer. |
| Clancy Log/No. 37 Agency Log/No. 1, 37 | 2/19/13 | Email from Tim Clancy to Paul Hoover, forwarding Stanhope Insurance Matrix and Cast of Characters. |

Importantly, Clancy has conceded that prior to September 1, 2012, it could not have formed a consulting expert relationship with Mr. Hoover with respect to this litigation because it did not anticipate litigation until that time. *See* Docket No. 62-1, p. 5-6; *See also* Affidavits of David T. Clancy and Kirk D. Johnston, Docket Nos. 62-4 and 62-6, respectively. Accordingly, all of the documents referenced in the table above that are dated or were created before September 1, 2012 should be produced, as the Agency does not contend that those documents are privileged or should be otherwise shielded from production.

Similarly, because Clancy has not provided Westchester or this Honorable Court with any evidence that it actually established a consulting expert relationship with Mr. Hoover after September 1, 2012, all of the documents referenced in the table above that are dated or were created after September 1, 2012 should also be produced, and Clancy's Motion should be denied.

## II.     ARGUMENT.

Clancy's Motion to Modify rests solely on its characterization of Mr. Hoover as a non-testifying consulting expert with respect to communications he created and received and other

materials he created after September 1, 2012 when Clancy contends it anticipated litigation with Westchester. *See* Docket No. 62-1, p. 6 ("Clancy's privilege claim is based on Mr. Hoover's role as a consulting expert after September 1, 2012.") Because Clancy has already identified Mr. Hoover as a witness likely to testify at trial and has provided **no** documentation or information establishing that Mr. Hoover was "retained or specially employed by [Clancy] in anticipation of litigation," Rule 26(b)(4)(D) affords as no protection for documents the Agency possesses, and Clancy's Motion should be denied.

A. **The protections afforded by Rule 26(b)(4)(D) apply only to experts who have been "retained or specifically employed" in anticipation of litigation.**

The protections of Rule 26(b)(4)(D) – per its plain language – apply only to "facts known or opinions held by an expert *who has been retained or specifically employed* by another party in anticipation of litigation … and who *is not expected to be called as a witness at trial*." Fed. R. Civ. P. 26(d) (emphasis added). *Ngo v. Standard Tools & Equip., Co., Inc.*, 197 F.R.D. 263, 266 (D. Md. 2000). Other analyses, such as those applicable to experts who have been informally consulted but have not been retained – by the plain language of the rule – are not applicable to Clancy's Motion. *Ngo*, at 266 (describing the "third category of experts who are informally consulted but not retained); *See also Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 501 (10th Cir. 1980).

B. **Clancy has failed to establish that Mr. Hoover is or was a consulting expert as described in Rule 26(b)(4)(D), and as a result, its Motion should be denied.**

Clancy has failed to establish that Mr. Hoover is or was a consulting expert, and as a result it cannot invoke Rule 26(b)(4)(D)'s protections to prevent Westchester from discovering documents possessed by the Agency. The affidavits Clancy has supplied to the Court do not state that Mr. Hoover was retained or specifically employed to serve as a consultant for the purpose of Westchester's litigation against Clancy or Clancy's litigation against Westchester. Clancy has not supplied an affidavit from Mr. Hoover confirming his understanding that he was "retained" or

"employed" as a litigation consultant, and none of the three privilege logs produced by Clancy with its Motion contain descriptions of documents that demonstrate any retention or employment of Mr. Hoover by Clancy. As described in *Ngo v. Standard Tools & Equipment Company*, "there was never an agreement reached with [Mr. Hoover] regarding his expected testimony nor any payment for services rendered. The only people who had any idea that [Mr. Hoover] was expected to be a "retained" expert were [Clancy's] attorneys." Clancy's attorneys, apparently reached that conclusion only *after* the Agency received Westchester's subpoena. *Ngo v. Standard Tools & Equip., Co., Inc.*, 197 F.R.D. 263, 266 (D. Md. 2000). There is simply no evidence to support the conclusory statements in Clancy's Motion and supporting Memorandum, and as a result, Clancy's Motion should be denied.

## **CONCLUSION.**

Clancy's mistaken interpretation and application of the law should not retroactively protect its communications with a fact witness from discovery. Westchester has been awaiting the Agency's full document production since April 2013, and Westchester has delayed the taking of Mr. Hoover's deposition in hopes of resolving the issues raised in Clancy's Motion before Mr. Hoover is deposed. Clancy's Motion is not based in credible fact, and it should be denied.

[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted this the 15th day of July, 2013.

/s/Jessica C. Tyndall
GREGORY W. BROWN
NC Bar # 26268 / VA Bar # 36369
JESSICA C. TYNDALL
NC Bar # 28475 / SC Bar # 76424
JOSEPH D. BUDD
NC Bar # 44263
BROWN LAW LLP
4130 Parklake Avenue, Suite 130
Raleigh, North Carolina 27612
T: 919.719.0854
F: 919.719.0858
gregory@brownlawllp.com
jessica@brownlawllp.com
joe.budd@brownlawllp.com
*Counsel for the Plaintiff*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of July 2013 the foregoing document was served on all counsel of record via first class and electronic mail addressed as follows:

Eugene F. Rash
SMITH, CURRIE & HANCOCK LLP
1023 W. Morehead Street, Suite 301
Charlotte, NC 28208
T: 704-334-3459
F: 704-334-7850
gfrash@smithcurrie.com

A. Holt Gwyn
CONNER GWYN SCHENCK, PLLC
306 East Market Street, Suite One
Greensboro North Carolina 27401
T: 336-691-9222
F: 336-691-9259
ahgwyn@cgspllc.com

Kirk D. Johnston
SMITH CURRIE & HANCOCK, LLP
2700 Marquis One Tower
245 Peachtree Center Avenue NE
Atlanta, Georgia 30303
kdjohnston@smithcurrie.com

/s/Jessica C. Tyndall
BROWN LAW LLP