IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:12-CV-636-BR

WESTCHESTER SURPLUS LINES
INSURANCE CO.,

    Plaintiff,

v.

CLANCY & THEYS CONSTRUCTION CO.,

    Defendant.

ORDER

      This matter is before the court on defendant Clancy & Theys Construction Co.'s ("Clancy") motion for attorneys' fees. (DE # 221.) Plaintiff Westchester Surplus Lines Insurance Co. ("Westchester") filed a memorandum in opposition to the motion.[1] (DE # 231.) Clancy filed a reply. (DE # 234.) This matter is ripe for disposition.

      As the court has previously recounted in earlier orders, this case arose out of a dispute over insurance coverage for an error on a construction project. Westchester brought this action seeking declaratory judgment against Clancy regarding the insurance policy that it has issued to Clancy and asserting an alternative claim for breach of contract. Clancy counterclaimed for breach of contract and tortious breach of contract. Clancy's counterclaim for tortious breach of contract was dismissed on summary judgment. Prior to a bench trial, Westchester withdrew its alternate breach of contract claim.

---

[1] Prior to filing its memorandum in opposition, Westchester filed a request that it be allowed to make an adversary submission to Clancy's motion for attorneys' fees. (DE # 228.) As Westchester has in fact filed its adversary submission (i.e., its opposition brief), this request is moot.

After the bench trial, the court concluded that coverage existed under the policy and certain exclusions in the policy did not preclude coverage. Accordingly, the court further concluded that Westchester was not entitled to declaratory judgment in its favor and that it breached its obligation to insure Clancy. The court awarded Clancy approximately $1.7 million in damages.

Clancy now seeks its attorneys' fees and expenses of $54,989.00 pursuant to N.C. Gen. Stat. § 6-21.5. That statute reads:

> In any civil action, special proceeding, or estate or trust proceeding, the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading. The filing of a general denial or the granting of any preliminary motion, such as a motion for judgment on the pleadings pursuant to G.S. 1A-1, Rule 12, a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6), a motion for a directed verdict pursuant to G.S. 1A-1, Rule 50, or a motion for summary judgment pursuant to G.S. 1A-1, Rule 56, is not in itself a sufficient reason for the court to award attorney's fees, but may be evidence to support the court's decision to make such an award. A party who advances a claim or defense supported by a good faith argument for an extension, modification, or reversal of law may not be required under this section to pay attorney's fees. The court shall make findings of fact and conclusions of law to support its award of attorney's fees under this section.

N.C. Gen. Stat. Ann. § 6-21.5.

> In North Carolina, a justiciable issue is one that is "'real and present as opposed to imagined or fanciful.'"
> "In order to find complete absence of a justiciable issue it must conclusively appear that such issues are absent even giving the pleadings the indulgent treatment they receive on motions for summary judgment or to dismiss." Under this deferential review of the pleadings, a plaintiff must either: (1) "reasonably have been aware, at the time the complaint was filed, that the pleading contained no justiciable issue"; or (2) be found to have "persisted in litigating the case after the point where [he] should reasonably have become aware that pleading [he] filed no longer contained a justiciable issue." Section 6–21.5 was enacted "to discourage frivolous legal action and that purpose may not be circumvented by limiting the statute's application to the initial pleadings. Frivolous action in a lawsuit can occur at any stage of the proceeding and whenever it occurs is subject to the legislative ban."

2

Credigy Receivables, Inc. v. Whittington, 689 S.E.2d 889, 895 (N.C. Ct. App. 2010) (citations omitted) (alterations in original). In evaluating justiciability, the court must "review [] all the relevant pleadings and documents[.]" Lincoln v. Bueche, 601 S.E.2d 237, 241 (N.C. Ct. App. 2004) (citation omitted).

Clancy argues that it is entitled to recover its attorneys' fees under § 6-21.5 because it had to defend against three of Westchester's "claims": (1) the subject loss did not arise out of professional services; (2) the subject claim was based on fraud, i.e., Clancy "faked" a claim against it; and (3) the cost of repair was an investment loss. While at times Clancy characterizes Westchester as having maintained these "claims," the only claims that Westchester alleged in its complaint were, as previously noted, for declaratory judgment and, alternatively, for breach of contract. The so-called "claims" which Clancy contends lacked justiciability are in actuality three positions, among many, that Westchester advanced to support its declaratory judgment claim. According to Westchester, it maintained these positions as part of its proof on the "overarching" issue of whether the joint venture and Clancy were separate and distinct entities for the purpose of the insurance policy Westchester issued to Clancy. It argues that two of its positions were justiciable up until the time the court granted Clancy's motion in limine on the issue, and, as for the third position, that it made the strategic decision in trial preparation not to call its designated expert witness to support that position.

Construing § 6-21.5 strictly, Sunamerica Fin. Corp. v. Bonham, 400 S.E.2d 435, 437 (N.C. 1991), the declaratory judgment claim is the claim the court must evaluate, not some of theories Westchester initially advanced, but ultimately abandoned, in support of it. The claim was justiciable at the time Westchester filed its complaint and remained so throughout the course

3

of these proceedings, particularly considering the competent evidence and argument Westchester propounded through the bench trial.

Even if the court considers Westchester's three positions in isolation, it does not conclusively appear that there was a complete absence of justiciability as to any of these positions. Therefore, an award of fees under § 6-21.5 is not warranted.

For the foregoing reasons, Clancy's motion for attorneys' fees is DENIED.

This 12 November 2015.

_____

W. Earl Britt

Senior U.S. District Judge